UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES – GENERAL  JS-6

| Case No. | 2:25-cv-04054-CAS-MAAx | Date | May 23, 2025 |
|---|---|---|---|
| Title | Wilmington Trust v. Kerr et al | | |

Present: The Honorable **CHRISTINA A. SNYDER**

| Catherine Jeang | Not Present | N/A |
|---|---|---|
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorneys Present for Plaintiffs:     Attorneys Present for Defendants:

Not Present     Not Present

**Proceedings:**   **(IN CHAMBERS) - ORDER REMANDING CASE TO LOS ANGELES COUNTY SUPERIOR COURT**

On December 19, 2024, plaintiff Wilmington Trust filed this unlawful detainer action against defendants Clifton Kerr ("Kerr"), Maritza Escoto ("Escoto"), and Does 1-10 (collectively "defendants") in Los Angeles County Superior Court. Dkt. 1. Defendants removed the case to this Court on May 6, 2025. Id. Defendants assert that this Court has jurisdiction on the basis of a federal question. Id. (citing 28 U.S.C. § 1331). On May 6, 2025, defendants also filed an application for a temporary restraining order. Dkt. 2. On May 7, 2025, this Court issued an order to show cause why this case should not be remanded to Los Angeles County Superior Court for lack of subject matter jurisdiction. Dkt. 11. On May 22, 2025, defendants filed counterclaims against Wilmington Trust, dkt. 20, a request to proceed in forma pauperis on behalf of Escoto, dkt. 21, an application for a temporary restraining order, dkt. 22, a demand for mandatory alternative dispute resolution, dkt. 23, a declaration of Escoto in response to the Courts order to show cause, dkt. 24, and a request for the Clerk to issue summons on the Counterclaims, dkt. 27. Across these filings, defendants argue that federal rights are implicated in this case, and thus the Court has federal question jurisdiction under 28 U.S.C. § 1331, including on the basis of bank fraud, the truth in lending act, and the protecting tenants at foreclosure act. See, e.g., dkt. 24.

It appears that this Court lacks subject matter jurisdiction over this action. The law is clear that "[u]nlawful detainer actions are strictly within the province of state court." Federal Nat'l Mort. Assoc. v. Suarez, 2011 U.S. Dist. LEXIS 82300, *6 (E.D. Cal. Jul. 27, 2011); Deutsche Bank Nat'l Trust Co. v. Leonardo, 2011 U.S. Dist. LEXIS 83854, *2

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | | | |
|---|---|---|---|
| | CIVIL MINUTES – GENERAL | | JS-6 |
| Case No. | 2:25-cv-04054-CAS-MAAx | Date | May 23, 2025 |
| Title | Wilmington Trust v. Kerr et al | | |

(C.D. Cal. Aug. 1, 2011) ("[T]he complaint only asserts a claim for unlawful detainer, a cause of action that is purely a matter of state law.").

Here, the only claim asserted by plaintiff is for unlawful detainer against defendants. See Dkt. 1. Defendants cannot create federal subject matter jurisdiction by stating that federal questions are at issue. Dkt. 1. Because it appears the Court does not have jurisdiction over this case, the Court cannot rule on either of defendants' pending requests for a temporary restraining order. Dkt. 2, 22. Additionally, because an unlawful detainer proceeding is a summary proceeding, defendants are not entitled to file counterclaims, and thus such filings cannot be entertained by this Court. Accordingly, this Court lacks subject matter jurisdiction based on a federal question and must remand. Suarez, 2011 U.S. Dist. LEXIS 82300 at *6. This case is hereby **REMANDED** to Los Angeles County Superior Court.

IT IS SO ORDERED.

| | 00 : 00 |
|---|---|
| Initials of Preparer | CMJ |